UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

OMAR GARDEL PALUMBO
FLORES,

          Petitioner,

    v.

GARRETT RIPA, SHERIFF DAVID
HARDIN, ACTING DIRECTOR
TODD M. LYONS, ACTING
SECRETARY MARKWAYNE
MULLIN, ACTING U.S. A.G. TODD
BLANCHE,

          Respondents.

Case No. 2:26-cv-1343-KCD-NPM

_____/

## **ORDER**

Petitioner Omar Gardel Palumbo Flores is a citizen of Venezuela. He was apprehended entering the United States at the southern border in 2023, and an immigration officer denied his admission. (Doc. 5-1 at 1-2.) He was then released on parole and lived freely under supervision in the United States. Earlier this year, he was placed in immigration custody. He has filed a habeas corpus petition challenging his continued detention. (Doc. 1.) The Government opposes the petition. (Doc. 5.)

Based on recent Eleventh Circuit precedent, this Court has concluded that aliens who are stopped at the border and released into the country, like Flores, fall under 8 U.S.C. § 1226. *See Garcia v. Warden, S. Fla. Det. Facility*,

No. 2:26-cv-1143-KCD-NPM, 2026 WL 1345914 (11th Cir. May 14, 2026). Section "1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at \*14 (11th Cir. May 6, 2026). Flores falls into the latter category since he is not seeking lawful entry. *See Garcia*, 2026 WL 1345914, at \*3. So, the "[f]ederal regulations provide that [he] receive a bond hearing." *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).

Flores seems to request his immediate release from custody. But that is not something the Court will do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Flores is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g., Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025). Consistent with the "comfortable majority position," the Court will instead require the Government to provide Flores with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

To the extent Flores also seeks relief under the Fifth Amendment, or any other theory, such claims are not addressed "given that the Court [is granting] the relief [he is entitled to] based on its interpretation of the

applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025). If the Government does not provide Flores with a bond hearing as ordered or he remains in custody, he can renew these other claims in a subsequent suit.[1]

Accordingly, the Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders the Government to provide Petitioner with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on June 11, 2026.

Kyle C. Dudek
United States District Judge

---

[1] The Court does not consider Flores's Fourth Amendment claim regarding probable cause and his warrantless arrest. *See Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him"); *see also Alvarez v. U.S. Immigr. & Customs Enf't*, 818 F.3d 1194, 1203 (11th Cir. 2016).

3